# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RED OAK CAPITAL GROUP, LLC;
RED OAK CAPITAL GP, LLC;
RED OAK CAPITAL MANAGEMENT, LLC;
RED OAK CAPITAL FUND, LLC;
RED OAK CAPITAL FUND II, LLC;
RED OAK CAPITAL FUND III, LLC;
RED OAK CAPITAL FUND IV, LLC;
RED OAK CAPITAL FUND V, LLC;
RED OAK INCOME OPPORTUNITY FUND,
LLC;

   Declaratory Judgment Plaintiffs,

  v..

RED OAK PARTNERS, LLC;

   Declaratory Judgment Defendant.

CASE NO: 1:20-cv-00314
JUDGE: Hon. Robert J. Jonker

**AMENDED ANSWER,
DEFENSES AND
COUNTERCLAIMS**

**JURY TRIAL REQUESTED**

RED OAK PARTNERS, LLC;

   Counterclaim Plaintiff,

  v..

RED OAK CAPITAL GROUP, LLC;
RED OAK CAPITAL GP, LLC;
RED OAK CAPITAL MANAGEMENT, LLC;
RED OAK CAPITAL FUND, LLC;
RED OAK CAPITAL FUND II, LLC;
RED OAK CAPITAL FUND III, LLC;
RED OAK CAPITAL FUND IV, LLC;
RED OAK CAPITAL FUND V, LLC;
RED OAK INCOME OPPORTUNITY FUND,
LLC;

   Counterclaim Defendants.

## <u>ANSWER OF  RED OAK PARTNERS, LLC</u>

Red Oak Partners, LLC ("Red Oak Partners") answers the Complaint for Declaratory Judgment of Red Oak Capital Group, LLC; Red Oak Capital GP, LLC; Red Oak Capital Management, LLC; Red Oak Capital Fund, LLC; Red Oak Capital Fund II, LLC; Red Oak Capital Fund III, LLC; Red Oak Capital Fund IV, LLC; Red Oak Capital Fund V, LLC; Red Oak Income Opportunity Fund, LLC (collectively, "Red Oak Capital") as follows:

### <u>Parties</u>

1.     Red Oak Capital Group, LLC, is a Delaware limited liability company having its headquarters and principal place of business in Grand Rapids, Michigan.

1.     RESPONSE:  Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and accordingly, denies them.

2.     Red Oak Capital GP, LLC, is a Delaware limited liability company having its headquarters and principal place of business in Grand Rapids, Michigan.

2.     RESPONSE:  Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and accordingly, denies them.

3.     Red Oak Management, LLC, is a Delaware limited liability company having its headquarters and principal place of business in Grand Rapids, Michigan.

3.      RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and accordingly, denies them.

4.      Red Oak Capital Fund, LLC, is a Delaware limited liability company having its headquarters and principal place of business in Grand Rapids, Michigan.

4.      RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and accordingly, denies them.

5.      Red Oak Capital Fund II, LLC, is a Delaware limited liability company having its headquarters and principal place of business in Grand Rapids, Michigan.

5.      RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and accordingly, denies them.

6.      Red Oak Capital Fund Ill, LLC, is a Delaware limited liability company having its headquarters and principal place of business in Grand Rapids, Michigan.

6.      RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and accordingly, denies them.

7.      Red Oak Capital Fund IV, LLC, is a Delaware limited liability company having its headquarters and principal place of business in Grand Rapids, Michigan.

7.      RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and accordingly, denies them.

8.      Red Oak Capital Fund V, LLC, is a Delaware limited liability company having its headquarters and principal place of business in Grand Rapids, Michigan.

8.      RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and accordingly, denies them.

9.      Red Oak Income Opportunity Fund, LLC, is a Delaware limited liability company having its headquarters and principal place of business in Grand Rapids, Michigan.

9.      RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and accordingly, denies them.

10.     Partners is a Florida limited liability company. Upon information and belief, Partners has its principal place of business in Boca Raton, Florida, and an office in New York, New York.

10.     RESPONSE:   Red Oak Partners admits that it is a Florida limited liability company and has a principal place of business in Boca Raton, Florida and has an office in Connecticut, but otherwise denies the allegations of Paragraph 10 of the Complaint.

**Nature of Action and Relief Sought**

11.      This is an action for declaratory judgment arising under the Lanham Act, 15

U.S.C. §1051, et seq. By this action, Capital seeks a declaratory judgment of non-infringement

of Partners' RED OAK PARTNERS service mark and RED OAK PAR'INERS, LLC, logo

service mark. Capital seeks a declaration that its uses of the service mark RED OAK CAPITAL,

and the associated RED OAK CAPITAL logo, do not infringe Partners' rights in its RED OAK

PARTNERS service mark and RED OAK PARTNERS, LLC logo.

11.      RESPONSE:  Red Oak Partners admits that this is an action for declaratory

judgment arising under the Lanham Act, and that Red Oak Capital seeks a declaratory judgment

of non-infringement.

12.      This action arises out of Partners' demands that Capital cease and desist from

using the RED OAK CAPITAL name and associated logo.

12.      RESPONSE:  Red Oak Partners admits that it sent a cease and desist letter to Red

Oak Capital concerning Red Oak Capitals' infringing use of Red Oak Partner's RED OAK

trademark.

**Jurisdiction and Venue**

13.      This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331

and 1338. The claims alleged in this Complaint arise under the Declaratory Judgment Act, 28

U.S.C. § 2201, et seq. and the Lanham Act, 15 U.S.C. § 1051, et seq.

13.      RESPONSE:  Red Oak Partners admits the allegations of Paragraph 13 of the

Complaint.

14.     This Court has personal jurisdiction over Partners because, upon information and belief, Partners has established minimum contacts with Michigan and has substantial, continuous and systematic contacts with Michigan.

14.     RESPONSE:  Red Oak Partners admits that the Court has personal jurisdiction over Red Oak Partners for purpose of this dispute.

15.     Capital's headquarters and principal place of business is in Grand Rapids, Michigan.

15.     RESPONSE:  Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and accordingly, denies them.

16.     Venue is proper in this district under 28 U.S.C. § 1391, inter alia, because, upon information and belief, a substantial part of the events giving rise to Capital's requests for declaratory judgment occurred in this district and because Partners is subject to personal jurisdiction in this district.

16.     RESPONSE:  Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and accordingly, denies them.

## Background Facts

17.     Broadly speaking, Capital and Partners sell markedly different financial products and services in different channels of trade to different classes of investors and customers. Accordingly, there is no material, real-world likelihood of confusion between the two parties.

17.     RESPONSE:   Red Oak Partners denies the allegations of Paragraph 17 of the Complaint.

18.     In essence, through its network of licensed broker -- dealers and registered investment advisory firms, Capital sells bonds to ordinary  individual investors looking  to invest in commercial real estate debt Capital sells its bonds to investors only though licensed broker-dealers. The typical investor could buy as little as ten thousand dollars of bonds. These investors typically are ordinary individuals and couples, such as people in or nearing retirement.

18.     RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and accordingly, denies them.

19.     Capital uses the funds garnered from its bond sales to make loans on commercial real estate properties and businesses. Those loans then generate returns to pay Capital's bond obligations.  Upon information and belief, Partners does not offer commercial real estate loans.

19.     RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and accordingly, denies them.

20.     Licensed broker-dealers present to their individual investor clients a menu of investment options and typically guide their clients on selection. This is the only means by which an individual investor can access the opportunity to invest money in Capital's real estate bonds. As noted below, due to the nature of the sophisticated investments sold by Partners and the high minimum investment required by Partners, it is highly unlikely a broker-dealer presenting the bonds of Capital as an investment opportunity would also have any offering of Partners in its menu of investment choices.

20.     RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and accordingly, denies them.

21.     In stark contrast to Capital, upon information and belief: Partners invests   only in publicly traded stocks. It does not invest in commercial real estate. It does not make real estate loans.  It does not sell bonds to its customers - it sells shares in its funds. Upon information and belief, Partners sells only to large individual investors, such as hedge funds, and to high net worth individuals. It requires a minimum investment of $500,000. Upon information and belief, the typical investment made by a customer in a fund operated by Partners exceeds $1 million.

21.     RESPONSE:   Red Oak Partners admits that it does not make real estate loans or sell bonds to its customers.  Red Oak Partners denies the remaining allegations of Paragraph 21.

22.     In the United States, there are a large number of existing third-party uses of RED OAK (or variations beginning with RED OAK followed by descriptive terms) as a mark to promote the sale of various financial products and services. Upon information and belief, for years Partners has known or should have known of these third-party usages but, also upon information and belief it has never filed federal court litigation to stop any such usages. By this inaction over the years, it has allowed a highly crowded thicket of uses of RED OAK marks for financial products and services to grow over and coexist with Partners' use of RED OAK PARTNERS as a mark. Indeed, upon information and belief, one or more of those third-party usages of RED OAK as a mark are older than (and, thus, have seniority over) the purported mark rights of Partners. Accordingly, any mark rights of Partners in any RED OAK mark are deeply weakened by third-party usages. In fact, those third-party usages are so extensive that they may have choked off any mark rights of Partners in any RED OAK mark.

22.     RESPONSE:   Red Oak Partners denies the allegations of Paragraph 22 of the Complaint.

23.     In addition, for years prior to contacting Capital, Partners has known or should have known of the use of RED OAK marks by Capital, but it took no action and did not contact Capital until only recently.

23.     RESPONSE:   Red Oak Partners denies the allegations of Paragraph 23 of the Complaint.

## Further Statements of Fact

24.     Red Oak Capital Group, LLC, is a sponsoring entity that is the holding company for the other plaintiffs. All of the other plaintiffs are directly or indirectly owned or controlled by Red Oak Capital Group, LLC.

24.     RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and accordingly, denies them.

25.     Red Oak Capital, GP, LLC, and Red Oak Capital Management, LLC, are wholly owned subsidiaries of Red Oak Capital Group, LLC, and provide goods and services to Red Oak Capital Group, LLC, and to the Red Oak Operating Entities as defined below.

25.     RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and accordingly, denies them.

26.     Red Oak Capital Fund, LLC. Red Oak Capital Fund II, LLC, Red Oak Capital Fund III, LLC, Red Oak Capital Fund IV, LLC, Red Oak Capital Fund V, LLC, and Red Oak

Income Opportunity Fund, LLC (collectively the "Red Oak Operating Entities"), lend money to commercial real estate borrowers. These offerings are registered and qualified by the Securities Exchange Commission. The Red Oak Operating Entities do not lend to any borrowers other than commercial real estate borrowers.

26.     RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and accordingly, denies them.

27.     Through licensed broker-dealers, each of the Red Oak Operating Entities sells bonds to raise money to finance its commercial real estate lending.

27.     RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and accordingly, denies them.

28.     The Red Oak Operating Entities sell bonds only through registered broker-dealers. No Red Oak Operating Entity bond is sold by a broker-dealer until that broker-dealer conducts due diligence on the bond offering and accepts the bond offering into its inventory of securities to be sold.

28.     RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, and accordingly, denies them.

29.     Purchasers cannot buy bonds directly from any of the Red Oak Operating Entities.

29.     RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, and accordingly, denies them.

30. The bonds offered by the Red Oak Operating Entities arc hereinafter referred to as the "Red Oak Bonds."

30. RESPONSE: Red Oak Partners admits that Red Oak Capital defines the bonds they offer as the "Red Oak Bonds" in the Complaint.

31. The commercial real-estate lending services provided by the Red Oak Operating Entities are collectively referred to herein as the "Red Oak Lending Services." Collectively the Red Oak Bonds and the Red Oak Lending Services are referred to herein as the "Red Oak Goods and Services."

31. RESPONSE: Red Oak Partners admits that Red Oak Capital defines the lending services they offer as the "Red Oak Lending Services" in the Complaint. Red Oak Partners further admits that Red Oak Capital defines the Red Oak Bonds and the Red Oak Lending Services, collectively, as the "Red Oak Goods and Services" in the Complaint.

32. Capital uses the name RED OAK CAPITAL as a common-law mark to promote the sale of the Red Oak Goods and Services. This mark usage includes the variations on the name RED OAK CAPITAL used in the names of the Red Oak Operating Entities. (This paragraph collectively identifies the "RED OAK CAPITAL Mark.".)

32. RESPONSE: Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, and accordingly, denies them.

33. Capital uses the logo depicted below as a service mark in connection with the Red Oak Goods and Services. (Hereinafter referred to as the "Capital Logo Mark"):



33.     RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint, and accordingly, denies them.

34.     Upon information and belief, Partners is an SEC-registered investment advisory firm.

34.     RESPONSE:   Red Oak Partners admits the allegations of Paragraph 34 of the Complaint.

35.     Upon information and belief, the minimum subscription for Partners' "Red Oak Long Fund" is $500,000.

35.     RESPONSE:   Red Oak Partners admits the allegations of Paragraph 35 of the Complaint.

36.     Upon information and belief, the minimum subscription for Partners' "Red Oak Fund" is $500,000.

36.     RESPONSE:   Red Oak Partners admits the allegations of Paragraph 36 of the Complaint.

37.     Upon information and belief, the investment funds operated by Partners invest only in publicly traded stocks.  Partners sells interests in these funds. (Hereinafter referred to as the "'Partners' Services.")

37.     RESPONSE:   Red Oak Partners denies the allegations of Paragraph 37 of the Complaint.

38.     Upon information and belief, Partners' clients are only institutional investors and high net-worth individuals.

38.     RESPONSE:   Red Oak Partners denies the allegations of Paragraph 38 of the Complaint.

39.     Upon information and belief, Partners owns the federal mark registration 5,147,761 for the mark RED OAK PARTNERS (the "Red Oak Partners Mark") issued to Partners and registered February 21, 2017, hereinafter the "RED OAK Registration," which is registered for use in connection with "[f]inancial advisory and consultancy services; financial services, namely, hedge fund investment services and private equity fund investment services." A true and correct copy of the RED OAK Registration obtained from the United States Patent and Trademark Office Trademark Status and Document Retrieval ("TSDR") is attached as Exhibit A. The RED OAK Registration covers only the wording RED OAK PARTNERS and does not cover any logo, such as the one identified immediately below.

39.     RESPONSE:  Red Oak Partners admits that it owns U.S. Trademark Registration 5,147,761, which registered on February 21, 2017, and that a true and correct copy of that registration is attached as Exhibit A to the Complaint. Red Oak Partners denies the remaining allegations in Paragraph 39 of the Complaint.

40.     Upon information and belief, Partners has adopted and uses the logo depicted below as a service mark in connection  with providing  Partners'  Services (hereinafter  referred to as the "Partners Logo Mark"):



40.     RESPONSE:  Red Oak Partners admits that it uses the logo depicted in Paragraph 40 of the Complaint.

41.     Capital's use of the RED OAK CAPTTAL Mark has been open and public and easily found on the Internet and by searching publicly available Securities and Exchange Commission filings, since at least as early as November 19, 2015.

41.     RESPONSE:   Red Oak Partners denies the allegations of Paragraph 41 of the Complaint.

42.     Capital's use of the RED OAK CAPITAL Mark and the Capital Logo Mark have been open and public and easily found on the Internet since at least as early as July, 2016, if not earlier.

42.     RESPONSE:   Red Oak Partners denies the allegations of Paragraph 42 of the Complaint.

43.     On March 6, 2020, David Sandberg, a principal of Partners, emailed Chip Cummings, the Chief Executive Officer of Capital, asserting that Partners believed that Capital's use of its name was causing marketplace confusion and constituted mark infringement. Counsel for Capital replied denying any such likelihood of confusion. The parties continued to exchange correspondence by counsel through April 7, 2020.

43.     RESPONSE:   Red Oak Partners admits the allegations of Paragraph 43 of the Complaint.

44.     By letter dated March 26, 2020, and emails dated April 3, 2020 and April 7, 2020, counsel for Partners demanded that Capital cease and desist from all further uses of the RED OAK name, and advised that Partners is prepared to "pursue formal enforcement rights" including seeking "monetary compensation."

44.     RESPONSE:   Red Oak Partners admits the allegations of Paragraph 44 of the Complaint.

45.    Capital has no knowledge of any marketplace confusion between Capital and Partners. Upon information and belief, Capital's and Partners' alleged uses of "Red Oak" have co-existed since at least as early as October, 2015.

45.    RESPONSE:  Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint, and accordingly, denies them.

46.    Capital would be significantly prejudiced and severely damaged if it were forced to discontinue using its RED OAK CAPITAL Mark and the Capital Logo Mark.

46.    RESPONSE:  Red Oak Partners denies the allegations of Paragraph 46 of the Complaint.

47.    Upon information and belief: there are many companies registered with the federal Securities and Exchange Commission that sell securities and that have a name beginning with the words "Red Oak."

47.    RESPONSE:  Red Oak Partners denies the allegations of Paragraph 47 of the Complaint.

48.    Many third parties use RED OAK as a mark, either on its own or followed by other merely descriptive words to promote the sale of various financial products or services. This has been going on for several years, and many years in some cases.  Screenshots providing a representative sampling of third party uses of "Red Oak" in connection with financial products or services are attached as Exhibit B.

48.    RESPONSE:  Red Oak Partners denies the allegations of Paragraph 48 of the Complaint.

49.     Partners' repeated allegations that Capital has infringed the RED OAK PARTNERS Mark and its demands that Capital stop using its RED OAK CAPITAL Mark and the Capital Logo Mark create a reasonable apprehension of litigation, and accordingly, there exists an actual case or controversy.

49.     RESPONSE:  Red Oak Partners admits the allegations of Paragraph 49 of the Complaint.

50.     Partners' demands and threats have placed a cloud over Capitals' right to continue using its RED OAK CAPITAL Mark and the Capital Logo Mark.

50.     RESPONSE:  Red Oak Partners denies that it "places a cloud" since Red Oak Capital do not have the right to use the RED OAK mark.

51.     In view of Partners'  threats and allegations, Capital needs, and  is entitled to, a judicial declaration that there is no likelihood of confusion between, on one hand, Capital's RED OAK CAPITAL Mark and Capital Logo Mark and, on the other hand, Partners' RED OAK PARTNERS  Mark and  Partners  Logo Mark;  therefore, Capital's  RED OAK CAPITAL Mark and Capital Logo Mark do not infringe any federal mark rights owned by Partners and do not constitute unfair competition, either under the federal Lanham Act or under analogous Michigan law.

51.     RESPONSE:  Red Oak Partners denies the allegations of Paragraph 51 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT I
### DECLARATION UNDER 28 U.S.C. §2201 OF THE NON-INFRINGEMENT OF TRADEMARK UNDER THE LANHAM ACT

52.     Capital repeats and re-alleges the allegations in paragraphs 1-51 of this Complaint as if fully set forth herein.

52.     RESPONSE:   Red Oak Partners incorporates by reference its responses to Paragraphs 1-51 of the Complaint in response to this Paragraph 52.

53.     Partners' claims that Capital's use of the RED OAK CAPITAL Mark and the Capital Logo Mark constitute infringement of rights reflected by the RED OAK Registration and of its common law mark rights, and, under a threat of litigation, demands that Capital cease all uses of the RED OAK CAPITAL Mark and the Capital Logo Mark.

53.     RESPONSE:   Red Oak Partners admits the allegations of Paragraph 53 of the Complaint.

54.     An actual, present, and justiciable controversy exists between Capital and Partners concerning Capital's use of the RED OAK CAPITAL Mark and the Capital Logo Mark.

54.     RESPONSE:   Red Oak Partners admits the allegations of Paragraph 54 of the Complaint.

55.     Capital seeks a declaration that its use of the RED OAK CAPITAL Mark does not infringe Partners' mark rights or constitute unfair competition with Partners under the Lanham Act or under analogous Michigan Law.

55.     RESPONSE:   Red Oak Partners admits that Red Oak Capital is seeking a declaration that its use of RED OAK CAPITAL does not constitute trademark infringement or

unfair competition under Federal or Michigan State Law, but denies that Red Oak Capital is entitled to a judgment in its favor on this claim and denies that Red Oak Capital is entitled to any relief.

56.      Capital seeks a declaration that its use of the Capital Logo Mark does not infringe Partners mark rights or constitute unfair competition with Partners under the Lanham Act or under analogous Michigan law.

56.      RESPONSE:  Red Oak Partners admits that Red Oak Capital is seeking a declaration that its use of its logo does not constitute trademark infringement or unfair competition under Federal or Michigan State Law, but denies that Red Oak Capital is entitled to a judgment in its favor on this claim and denies that Red Oak Capital is entitled to any relief.

57.      Capital seeks declaratory relief that Partners is not entitled to injunctive relief or damages under the Lanham Act or under analogous Michigan law.

57.      RESPONSE:   Red Oak Partners admits that Red Oak Capital is seeking a declaratory relief that Red Oak Partners is not entitled to injunctive relief or damages under Federal or Michigan State law, but denies that Red Oak Capital is entitled to a judgment in its favor on this claim and denies that Red Oak Capital is entitled to any relief.

## COUNT II
## DECLARATION UNDER 28 U.S.C. §2201 THAT PARTNERS' CLAIMS ARE BARRED BY LACHES

58.      Capital repeats and re-alleges the allegations in paragraphs 1 - 57 of this Complaint as if fully set forth herein.

58.     RESPONSE:   Red Oak Partners incorporates by reference its responses to Paragraphs 1-57 of the Complaint in response to this Paragraph 58.

59.     Capital's use of the RED OAK CAPITAL Mark has been open and notorious since at least as early as October 2015.

59.     RESPONSE:   Red Oak Partners denies the allegations of Paragraph 59 of the Complaint.

60.     Capital's use of the Capital Logo Mark has been open and notorious since at least as early as July, 2016.

60.     RESPONSE:   Red Oak Partners denies the allegations of Paragraph 60 of the Complaint.

61.     Capital has openly and continuously and without interruption publicly used the RED OAK CAPITAL Mark and the Capital Logo Mark from their first use until the date of this Complaint.

61.     RESPONSE:   Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint, and accordingly, denies them.

62.     Partners has long known or should have known of Capital's use of the RED OAK CAPITAL Mark and the Capital  Logo Mark and failed to timely object to Capital concerning such use.

62.     RESPONSE:   Red Oak Partners denies the allegations of Paragraph 62 of the Complaint.

63.     During the time that Partners failed to take action against Capital, Capital has made substantial investments in growing its business, and has grown its business, branded by its RED OAK CAPITAL Mark and the Capital Logo Mark.

63.     RESPONSE:  Red Oak Partners lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint, and accordingly, denies them

64.     Capital would be prejudiced by permitting Partners to enforce its mark rights at this time.

64.     RESPONSE:  Red Oak Partners denies the allegations of Paragraph 64 of the Complaint.

65.     Capital seeks declaratory relief that Partners' claim of infringement is barred by the doctrine of laches.

65.     RESPONSE:  Red Oak Partners admits that Red Oak Capital is seeking a declaratory relief that Red Oak Partners' claim of infringement is barred by the doctrine of laches, but denies that Red Oak Capital is entitled to a judgment in its favor on this claim and denies that Red Oak Capital is entitled to any relief.


**PRAYER FOR RELIEF**

Red Oak Partners denies the allegations set forth in the Prayer for Relief section of the Complaint and aver that Red Oak Capital is not entitled to any relief in this action. Except as expressly admitted herein, Red Oak Partners denies each and every allegation contained in the Complaint, and denies that Red Oak Capital are entitled to any relief requested in their Prayer for Relief, and therefore demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Red Oak Partners assert the following affirmative defenses based upon information presently available and they reserve the right to assert additional affirmative defenses or withdraw any of these affirmative defenses as further information becomes available through discovery or otherwise

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief sought may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails because it is barred by the equitable doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails because it is barred, in whole or in part, by laches, waiver, and/or estoppel.

WHEREFORE, Red Oak Partners respectfully requests:

A.      Judgment dismissing Red Oak Capital's Complaint for Declaratory Judgment with prejudice; and

B.      That the Court enter judgment in favor of Red Oak Partners;

C.      That the Court award Red Oak Partners its attorney's fees and costs related to Red Oak Capital's claims; and

D.      Such other and further relief as this Court may deem just and proper.

## COUNTERCLAIMS OF RED OAK PARTNERS, LLC

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Red Oak Partners asserts the following Counterclaims as against all Plaintiffs:

1.      Red Oak Partners, LLC ("Red Oak Partners") hereby asserts the following counterclaims against Red Oak Capital Group, LLC; Red Oak Capital GP, LLC; Red Oak Capital Management, LLC; Red Oak Capital Fund, LLC; Red Oak Capital Fund II, LLC; Red Oak Capital Fund III, LLC; Red Oak Capital Fund IV, LLC; Red Oak Capital Fund V, LLC; Red Oak Income Opportunity Fund, LLC (collectively, "Red Oak Capital") for Trademark Infringement and Unfair Competition arising under the Trademark Act of 1946, as amended (15 U.S.C. § 1051 *et seq.*);  Deceptive Trade Practices under M.C.L. § 445.903(1)(a)-(c)); and Unfair Competition under Michigan Common Law.

2.      Red Oak Partners incorporates by reference Paragraphs 1-65 of its Answer and its Affirmative Defenses into these Counterclaims.

3.      These Counterclaims arise out of the same series of transactions and events as set forth in Red Oak Capital's Complaint for Declaratory Judgment.

## PARTIES

4.      Counterclaim Plaintiff Red Oak Partners is a limited liability company duly organized and existing under the laws of the State of Florida and maintains its principal place of business at 95 S. Federal Hwy, Suite 201, Boca Raton, FL 33432.

5.      Upon information and belief, each of the Counterclaim Defendants are separate limited liability companies, organized under the laws of the State of Delaware, with a principal place of business at 625 Kenmoor Ave SE, Suite 211, Grand Rapids, MI 49546.

## JURISDICTION AND VENUE

6.      Upon information and belief, Red Oak Capital has committed and is committing acts of Trademark Infringement, False Designation of Origin and Unfair Competition, and Deceptive Trade Practices, as hereinafter alleged, in this District, through the offering of its services using the RED OAK and RED OAK CAPITAL trademarks (the "Infringing Trademarks").

7.      This action is for Trademark Infringement, False Designation of Origin and Unfair Competition arising under the Trademark Act of 1946, as amended (15 U.S.C. § 1051 *et seq.*) and common law; Deceptive Trade Practices under M.C.L. § 445.903(1)(a)-(c)); and Unfair Competition under Michigan Common Law.

8.      This Court has original subject matter jurisdiction over the Trademark Infringement, False Designation of Origin and Unfair Competition claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. §§ 1114-1117 and 1125. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

9.      This Court has personal jurisdiction over Red Oak Capital based on Red Oak Capital's Complaint for Declaratory Judgment filed with this Court on April 10, 2020, and because of Red Oak Capital's infringing activities in this jurisdiction.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Red Oak Capital resides in this Judicial District and/or because part of the events or acts giving rise to Red Oak Partners' claims occurred in this Judicial District.

## BACKGROUND

11. Red Oak Partners is an SEC-registered investment adviser based in Boca Raton, Florida with offices also in Connecticut.

12. Red Oak Partners was founded in 2003, and has offered its financial advisory and consultancy services and public and private equity fund investment services under the RED OAK and RED OAK PARTNERS trademarks (collectively, the "RED OAK Trademarks") since that time.

13. Red Oak Partners is the owner of U.S. Trademark Registration No. 5,147,761, issued on February 21, 2017, for the RED OAK PARTNERS trademark for its financial advisory and consultancy services, as well as its other financial services.

14. Red Oak Partners is a well-known and established investment advisor, has dozens of public filings, and often generates press releases and is featured in the media in connection with companies in which it owns significant shareholdings.

15. Red Oak Partners has expended significant resources to develop and maintain the enormous goodwill in the RED OAK Trademarks. It is through these efforts that consumers and investors have come to associate these marks with Red Oak Partners and the services that it offers.

16. Investment and financial services offered under the RED OAK Trademarks are identified and recognized by consumers as offered by Red Oak Partners.

17.     Upon information and belief, without permission or authorization from Red Oak Partners, Red Oak Capital has advertised and offers its investing services in the United States, including in this judicial district, under the Infringing Trademarks.

18.     Upon information and belief, Red Oak Capital adopted the Infringing Trademarks with knowledge of the Red Oak Trademarks, and therefore unfairly profit off of the notoriety and goodwill that Red Oak Partners has earned in its RED OAK Trademarks.

19.     Red Oak Capital offers similar and/or overlapping services under the Infringing Trademarks as is offered by Red Oak Partners under its RED OAK Trademarks.

20.     Red Oak Capital's website states that they provide: "private equity/debt capital solutions for commercial real estate projects, and quality investment options for individuals and various financial institutions throughout the United States."

21.     Red Oak Partners provides private investment services, and quality investment options for individuals and institutions throughout the United States.

22.     Red Oak Partners markets and promotes its services throughout the United States, including in the Grand Rapids, Michigan area.

23.     The likelihood of confusion is further increased because not only does Red Oak Capital use the identical RED OAK mark as Red Oak Partners, but the logos adopted by Red Oak Capital is very similar to Red Oak Partners' logo design ("ROP Logo"), as depicted below:

| Red Oak Partners' Logo | Red Oak Capital's Logo |
|---|---|
|  |  |

24.    Red Oak Partners has experienced instances of actual confusion, with customers or potential customers contacting Red Oak Partners, which sought out the services of Red Oak Capital.

25.    As a direct and proximate result of the acts of the Red Oak Capital alleged above, Red Oak Partners has already suffered irreparable damages.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1117)

26.    Red Oak Partners restates and reavers each and every allegation contained in the preceding paragraphs of these Counterclaims, inclusive, and the acts asserted therein, as if fully recited in this paragraph.

27.    Without Red Oak Partners' consent, Red Oak Capital has used, in connection with the advertisement and offering of its financial investment services, the Infringing Trademarks, which infringe upon Red Oak Partners' U.S. Trademark Registration No. 5,146,761.

28.    Upon information and belief, these acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception in the minds of consumers, and constitute a violation of 15 U.S.C. § 1114.

29.    Red Oak Capital's unauthorized use of the Infringing Trademarks, as set forth above, is likely to cause the public to believe that Red Oak Capital's financial services are the same as the services offered by Red Oak Partners, or that Red Oak Capital's services are authorized, sponsored or approved by Red Oak Partners or that Red Oak Capital is affiliated, connected or associated with or in some way related to Red Oak Partners.

30.     This confusion causes irreparable harm to Red Oak Partners and weakens the distinctive quality of the federally registered RED OAK PARTNERS trademark and the work Red Oak Partners has put into building its brand across over seventeen years, and the significant expenses tied to marketing across the United States.

31.     Red Oak Capital's unauthorized use of the Infringing Trademarks, as set forth above, is likely to result in Red Oak Capital unfairly benefiting from Red Oak Partners' advertising and promotion of the RED OAK PARTNERS trademark, and of the goodwill that Red Oak Partners has earned in this mark.

32.     Red Oak Partners is entitled to injunctive relief pursuant to 15 U.S.C. 1116(a) as well as Red Oak Capital's unlawful profits and Red Oak Partners' damages under 15 U.S.C. 1117(a).


### COUNT II
### COMMON LAW INFRINGEMENT

33.     Red Oak Partners restates and reavers each and every allegation contained in the preceding paragraphs of these Counterclaims, inclusive, and the acts asserted therein, as if fully recited in this paragraph.

34.     This count is for common law trademark infringement of the RED OAK Trademarks under the laws of the State of Michigan.

35.     The Red Oak Partners has used, and has acquired considerable goodwill and distinctiveness, with regard to its RED OAK Trademarks.   The marks have been advertised and promoted and otherwise used in commerce, since at least as early as a date preceding Red Oak Capital's adoption and use of its RED OAK Trademarks.

36.     Red Oak Partners has extensively used its RED OAK Trademarks in commerce and has acquired a considerable and valuable goodwill for its marks. Relevant segments of the public have come to associate Red Oak Partners' RED OAK Trademarks with Red Oak Partners and with Red Oak Partners' services.

37.     Red Oak Capital's adoption of the identical and/or highly similar mark contributes to the likelihood that consumers will attribute services offered under the RED OAK marks as emanating from Red Oak Partners.

38.     Defendant's use of the highly similar RED OAK mark, on related and confusingly similar services, as alleged above, is highly damaging to Red Oak Partners and its marks.

39.     Red Oak Capital's use of the mark RED OAK in conjunction with similar services as Red Oak Partners in the same or similar channels of trade without Red Oak Partners' consent or authorization, irreparably damages Red Oak Partners and is likely to cause confusion, mistake and deception as to the source or origin of the services sold and offered for sale by Red Oak Capital.

40.     Red Oak Capital has been placed on notice of Red Oak Partners' Marks, and of the damage engendered by Red Oak Capital's use of the confusingly similar RED OAK marks.

41.     Red Oak Capital's infringement is willful.

42.     Red Oak Capital's actions as aforesaid, damage and threaten to further damage the value of Red Oak Partners' RED OAK Trademarks and the goodwill associated with its trademarks.

## COUNT III
## FEDERAL UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)

43.     Red Oak Partners restates and reavers each and every allegation contained in the preceding paragraphs of these Counterclaims, inclusive, and the acts asserted therein, as if fully recited in this paragraph.

44.     Without Red Oak Partners' consent, Red Oak Capital has used, in connection with the advertisement and offering of its financial investment services, the Infringing Trademarks which infringe upon Red Oak Partners' RED OAK Trademarks.

45.     Red Oak Capital is not now, nor have it ever been, associated, affiliated or connected with, or endorsed or sanctioned by Red Oak Partners.

46.     The use of the Infringing Trademarks by Red Oak Capital constitutes false designation of origin of the services offered by Red Oak Capital and false representations that Red Oak Capital's services are sponsored, endorsed, licensed or authorized by, or affiliated or connected with the Red Oak Partners.

47.     Red Oak Capital's misappropriation of Red Oak Partners' marks is likely to cause and to have caused purchasers in interstate commerce to be confused, misled or deceived between the parties' respective services.

48.     Upon information and belief, Red Oak Capital knowingly adopted and used the Infringing Trademarks with full knowledge of Red Oak Partners' intellectual property rights in the RED OAK Trademarks.

49.     Red Oak Capital has unfairly benefited and profited from Red Oak Partners' outstanding reputation for high quality services as well as its advertising and promotion of the RED OAK Trademarks.

50.     Red Oak Capital has deliberately and willfully attempted to trade on Red Oak Partners' longstanding and hard-earned goodwill in its RED OAK Trademarks and the reputation established by Red Oak Partners in connection with its financial services, as well as in order to confuse consumers as to the origin and sponsorship of Red Oak Capital's services and to pass off its services in commerce as those of Red Oak Partners.

51.     Red Oak Capital's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Red Oak Capital with Red Oak Partners, and as to the origin, sponsorship or approval of Red Oak Capital and its services, by Red Oak Partners in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

52.     As a result of Red Oak Capital's aforesaid conduct, Red Oak Partners has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Red Oak Partners in its RED OAK Trademarks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Red Oak Partners has no adequate remedy at law. Red Oak Partners will continue to suffer irreparable harm unless this Court enjoins Red Oak Capital's conduct.

**COUNT IV**
**DECEPTIVE TRADE PRACTICES UNDER M.C.L. § 445.903(1)(A)**

53.     Red Oak Partners restates and reavers each and every allegation contained in the preceding paragraphs of these Counterclaims, inclusive, and the acts asserted therein, as if fully recited in this paragraph.

54.     Red Oak Capital's use of the Infringing Trademarks is likely to cause a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Red Oak Capital's services.

55.     Red Oak Capital's unlawful actions have caused, and will continue to cause, Red Oak Partners irreparable harm unless enjoined.

56.     Red Oak Capital has profited from its unlawful actions and has been unjustly enriched to the detriment of Red Oak Partners. Red Oak Capital's unlawful actions have caused Red Oak Partners monetary damage in an amount presently unknown, but in an amount to be determined at trial.

<u>COUNT V</u>
<u>UNFAIR COMPETITION UNDER THE</u>
<u>COMMON LAW OF THE STATE OF MICHIGAN</u>

57.     Red Oak Partners restate and reaver each and every allegation contained in the preceding paragraphs of these Counterclaims, inclusive, and the acts of Red Oak Capital asserted therein, as if fully recited in this paragraph.

58.     By reason of the foregoing, Red Oak Capital's activities, as alleged herein, constitute unfair competition with Red Oak Partners and have damaged Red Oak Partners in an amount not yet subject to determination.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Red Oak Partners hereby demands a trial by a jury on all issues triable by right of jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Red Oak Partners pray:

1.        THAT pursuant to 15 USC §1116 and the equity jurisdiction of this court, Red Oak Capital and its officers, managers, agents, employees, representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale, distribution, exhibition, display, or offering or advertising of its services or goods under the trademark RED OAK or any other trademark in combination with other words or symbols, or any other marks or symbols that are confusingly or deceptively similar to, or colorably imitative of Plaintiff's RED OAK Trademarks and/or the ROP Logo.

2.        THAT pursuant to 15 USC §1117, Red Oak Capital be directed to pay over to Red Oak Partners, any and all damages which they have sustained by consequence of Red Oak Capital's statutory and Common Law Trademark Infringement, False Designation of Origin, False Advertising, and Unfair Competition as enumerated herein.

3.        THAT the Court, on all claims for relief, grant an award of compensatory, consequential, statutory, and punitive damages to Red Oak Partners in an amount to be determined at trial.

4.        THAT Red Oak Capital and their officers, agents, managers, employees, or representatives, and all persons in privity with Red Oak Capital not destroy but deliver up to this Court, pursuant to 15 U.S.C. §1118, all:  molds, letterheads, advertising materials, computer programs in any language or format (including HTML, Java or other formats for use in internet web pages), labels, packages, containers, name plates, and any other printed or electronic matter of any nature, and any products in their possession bearing or using the trademark RED OAK or any other trademark either alone or in combination with other words or symbols, or any

colorable imitation of Plaintiff's RED OAK Marks, and the ROP Logo, for the purposes of destruction thereof.

5.      THAT the conduct of Red Oak Capital complained of herein be declared willful and as a result the amounts of actual damages be trebled as provided for in 15 U.S.C. §1117.

6.      THAT pursuant to 15 U.S.C. §1117, Red Oak Capital be required to pay to Red Oak Partners the costs of this action, including its attorneys' fees and disbursements incurred.

7.      THAT Red Oak Capital be required to file with this Court and serve on Red Oak Partners a report in writing and under oath setting forth in detail the manner and form in which the Red Oak Capital has complied with the terms of the permanent injunction.

8.      THAT Red Oak Capital be required to account to and pay Red Oak Partners for all profits and expenses realized by Red Oak Capital.

9.      THAT Red Oak Partners be granted such other and further relief as this court deems just and equitable.

Respectfully submitted for Red Oak Partners, LLC,

By:    s/ Jeffrey A. Lindenbaum
        Jeffrey A. Lindenbaum
        Michael Nesheiwat (*admission to follow*)
        COLLEN IP
        The Holyoke-Manhattan Building
        80 South Highland Avenue
        Ossining, New York 10562
        jlindenbaum@collenip.com
        mnesheiwat@collenip.com
        (914) 941-5668
        (914) 941-6091 (facsimile)

Dated: June 8, 2020